

Cite as 2014 Ark. App. 58

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–634

| | | |
|---|---|---|
| SARAH PRESTON | | **Opinion Delivered** January 22, 2014 |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. DR–2009–0550–2] |
| V. | | |
| | | HONORABLE MICHAEL R. LANDERS, JUDGE |
| DAVID H. PRESTON | | |
| | APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Sarah Preston appeals an order of the Union County Circuit Court awarding a change in custody of her minor children to her former husband, David Preston. We affirm.

Sarah and David Preston were divorced in March 2010 and agreed to share joint custody of their two children, utilizing a schedule that allowed them to each have equal time with the children. In May 2012, Sarah filed a petition to modify the child-custody arrangement, alleging a material change of circumstances and seeking primary custody of the children. David responded to the petition, agreeing that there was a material change of circumstances but requesting that primary custody of the children be placed with him. The trial court entered an order finding that it was in the best interest of the children for David to have primary custody with liberal visitation privileges being granted to Sarah.

Our standard of review in child-custody cases is clear:

In reviewing child-custody cases, we consider the evidence de novo, but will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *See Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *See id.* This deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *See id.* Where the circuit court fails to make findings of fact about a change in circumstances, this court, under its de novo review, may nonetheless conclude that there was sufficient evidence from which the circuit court could have found a change in circumstances. *See id.* (citing *Campbell v. Campbell*, 336 Ark. 379, 985 S.W.2d 724 (1999); *Stamps v. Rawlins*, 297 Ark. 370, 761 S.W.2d 933 (1988)).

Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *See Alphin v. Alphin*, 364 Ark. 332, 219 S.W.3d 160 (2005). A judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child that were either not presented to the circuit court or were not known by the circuit court at the time the original custody order was entered. *See id.*

*McNutt v. Yates*, 2013 Ark. 427, at 8–9, ___S.W.3d ___, ___.

Sarah alleges that the trial court clearly erred in giving a preference for custody to a stepparent over that of a natural parent when it granted primary custody to David. She asserts that the undisputed testimony at the hearing revealed that Heather Preston, David's new wife, was the de facto custodial parent in David's home, because there were at least forty days each year in which David's job prevented him from being home to parent the children. Sarah also asserts that the evidence clearly showed that her current job schedule, unlike David's, would allow her to be available for the children each and every afternoon after they got out of school. Because David's work schedule as a coach resulted in Heather actually parenting the children, she claims that the trial court's award of custody to David must have been based on

the determination that Heather was a better choice for primary custodian than she was, and that the custody determination could not be based on such a conclusion.

We do not find, in our de novo review, that the court made the preferential decision that Sarah suggests. First, the trial court never articulated that its decision was based on Heather's parenting skills over Sarah's. Concerning Heather, the court made the following finding:

> 8. The defendant remarried in December of 2010 to Heather Preston, a program coordinator with the Department of Human Services for the state of Arkansas. This is Heather Preston's first marriage and she has no children. She is supportive of her husband's efforts to obtain custody and is an active and competent participant in assisting him in caring for the children and providing a healthy environment for them.

Second, the evidence is not quite as undisputed as Sarah alleges. While there was evidence that Heather helped with the children on the nights David was coaching, there was also evidence that David was very involved with the children while under his care. Likewise, there was evidence that Sarah had to employ a babysitter at times while the children were in her custody, and that on Fridays, Sarah's boyfriend would have to drive from Magnolia to take her children to school for her, as her teaching duties prevented her from doing so. Clearly, both natural parents had to rely on others to help care for the children. Additionally, while Sarah claims that her job schedule is now flexible enough to allow her to pick the children up from school each day, there was evidence that she had been unable to do so on numerous occasions in the past and had to rely on David to do so. The trial court simply found that David's version of events was more credible. Because of Sarah's work schedule and her inability to pick up the children consistently after school, the court concluded that

3

David had been acting as the primary caregiver for the kids. The trial court was in a better position to resolve their conflicting accounts and determine the best interest of the children.

Sarah further asserts that there was evidence that David was financially unstable, that he was not involved in the children's extracurricular activities, and that he refused to help pay for them. David admitted that he had had some financial problems, but stated that he and Heather were actively working to resolve them and eliminate their debt completely. It should be noted that both Sarah and David were in bankruptcy at the time of the divorce. While Sarah challenged David's spending habits below and disagreed with how the money was spent, there was no evidence that the children's needs were not being covered. Concerning David's alleged lack of involvement with extracurricular activities, the court found:

> 6. Both of the parties are actively involved in the care and nurture of the children and have been able to communicate civilly for the purpose of working out problems with scheduling, extracurricular activities and other issues.

The trial court's best–interest determination simply came down to weighing of the evidence before it. Giving special deference to the trial court's superior position to evaluate witnesses, testimony, and the best interest of the children, *Brice v. Brice*, 2013 Ark. App. 620, there is no clear error in the trial court's decision.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Ronald L. Griggs*, for appellant.

*Mary Thomason*, for appellee.

SLIP OPINION

