

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1110

| | | |
|---|---|---|
| TIMOTHY DORRELL | APPELLANT | **Opinion Delivered** September 24, 2014 |
| V. | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. DR–09–21] |
| | | HONORABLE EDWIN KEATON, JUDGE |
| ALANNA DORRELL | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Timothy Dorrell appeals an order of the Union County Circuit Court granting appellee Alanna Dorrell's petition for modification of the couple's joint-custody arrangement and awarding Alanna primary custody of their daughter. On appeal, Timothy raises three arguments, contending that the circuit court erred in (1) destroying joint custody in light of a new statutory provision favoring joint-custody agreements; (2) finding it to be in the child's best interest to place custody with Alanna; and (3) not awarding Timothy judgment on unpaid medical expenses. For the reasons discussed below, we are unable to reach the merits of his first and third arguments. On Timothy's second argument, we find no error and affirm.

I. *Factual Background*

The Dorrells' daughter, A.D., was born in 2007, and the couple was divorced in 2009 by consent decree. The consent decree of absolute divorce provided that Timothy and Alanna were awarded joint custody of A.D. A.D. was to alternate two days with each parent and then alternate three days with each parent, which would result in A.D.'s spending alternating weekends with each parent. By the terms of the consent decree, the Dorrells agreed that they would "agree on school choice when the time comes, depending on where each of the parties are living."

Within months of the consent decree, Timothy filed an initial petition for change of custody; however, he never took action to prosecute his petition.[1] In 2013, Alanna filed a counterpetition for change of custody. In her counterpetition, she alleged that it was time for A.D. to begin kindergarten, but the parties could not agree on where to send her to school, despite the provision in the decree to reach an agreement on that issue. Alanna sought to have primary custody placed with her. In response, Timothy filed an amended petition for change of custody, asserting that it was in A.D.'s best interest for him to have primary custody. Essentially, both parties sought to have primary custody based on what they believed was in the child's best interest. The circuit court granted Alanna's counterpetition in an order filed on August 19, 2013, finding that it was in A.D.'s best interest for Alanna to have primary custody of the child. It is from this order that Timothy appeals.

---

[1]The circuit court sent out a notice of possible dismissal pursuant to Arkansas Rule of Civil Procedure 41; however, the record does not indicate that the court ever entered an order of dismissal.

II. *Procedural Issues*

Timothy's first point on appeal raises numerous arguments concerning the interpretation and application of Act 1156 of 2013. With this act, the General Assembly amended Arkansas Code Annotated section 9-13-101 to add subsection (a)(1)(A)(iii), which provides that, "[i]n an action for divorce, an award of joint custody is favored in Arkansas."[2] Timothy argues that the circuit court failed to address the 2013 amendments to section 9-13-101 and that this failure constitutes reversible error. In his third argument on appeal, Timothy asserts that the court's August 2013 order was erroneous in its failure to address certain issues; specifically, he notes that, in his amended petition for change of custody, he had asked for reimbursement from Alanna for certain medical bills. We are unable to reach these two arguments based on the history of this case.

Procedurally, Timothy did not raise the issue of the amendment to section 9-13-101 in his petition for change of custody, nor did he raise it in arguments before the circuit court at the hearing on the petition. As a result, the circuit court's order entered on August 19, 2013, finding that it was in A.D.'s best interest for Alanna to have primary custody of the child, did not address the issue now being argued on appeal.

This issue was raised for the first time in Timothy's motion for stay and motion for reconsideration, which were filed on August 23, 2013. On September 12, 2013, Timothy

---

[2]Prior to the 2013 amendment, Arkansas case law had consistently held that joint custody, while permitted by statute, was not favored under Arkansas law. *See Collier v. Collier*, 2012 Ark. App. 146; *Doss v. Miller*, 2010 Ark. App. 95, 377 S.W.3d 348; *Peck v. Peck*, 2009 Ark. App. 731; *Dansby v. Dansby*, 87 Ark. App. 156, 189 S.W.3d 473 (2004).

filed a notice of appeal that designated the circuit court's August 19 order modifying the custody arrangement. The circuit court did not rule on the motion for reconsideration within thirty days. However, on October 11, 2013, the circuit court entered an order in which it denied in part and granted in part Timothy's motion for reconsideration. The court rejected Timothy's argument that the 2013 amendment to section 9-13-101 was applicable, but it found that Alanna should pay him half of the medical expenses Timothy had incurred on A.D.'s behalf. Timothy did not file an amended notice of appeal at any point.

Because the circuit court did not rule on Timothy's posttrial motions within thirty days, they were deemed denied by operation of law on the thirtieth day pursuant to Arkansas Rule of Appellate Procedure–Civil 4(b)(1)[3] ("If the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date."). Rule 4(b)(2) goes on to provide, in pertinent part, as follows:

> A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment, decree, or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e).

---

[3]Rule 4(b)(1) further extends the time for filing a notice of appeal "upon timely filing of . . . any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment[.]" Timothy's August 23, 2013 motion specifically asked the court to enter an order "setting aside the order of August 19, 2013, invoking a stay on the change of joint custody, and further addressing the legal findings and rationale thereof[.]" As such, we conclude that Timothy's motion was a timely filed motion to vacate, alter, or amend the judgment.

Because Timothy did not file an amended notice of appeal after the deemed denial of his posttrial motion, we are without jurisdiction to address the issues raised in those pleadings.

Our court has addressed this jurisdictional issue before. In *Edwards v Edwards*, 2010 Ark. App. 227, this court declined to address the circuit court's denial of the appellant's motion for new trial where appellant failed to file an amended notice of appeal that encompassed that denial: "We are without jurisdiction to address this issue. Appellant's notice of appeal, filed after the decree but before disposition of the new-trial motion, was effective only to appeal the decree; the record fails to show that appellant ever filed a new or amended notice of appeal after the new-trial motion was deemed denied." *Id.* at 3–4 (citing Ark. R. App. P.–Civ. 4(b)(2)); *see also Wilson v. Ark. State Highway Comm'n*, 2014 Ark. App. 130 (refusing to address issues pertaining to the denial of a new-trial motion where appellant never filed an amended notice of appeal from the order denying the motion); *Troutman Oil Co. v. Lone*, 75 Ark. App. 346, 57 S.W.3d 240 (2001). We reach the same conclusion in the instant case: we can address Timothy's arguments only insofar as he challenges the circuit court's order awarding primary custody to Alanna, but we are unable to reach his argument that the circuit court erred in failing to consider the amendments to section 9-13-101.

For the same reason, we neither reach nor address Timothy's third point on appeal concerning the circuit court's failure—in the August order—to award him half of A.D.'s medical expenses. The court did not rule on this argument until its October 2013 order, which it lacked jurisdiction to enter. *See Murchison v. Safeco Ins. Co.*, 367 Ark. 166, 171, 238 S.W.3d 11, 14–15 (2006) ("[T]he failure to act within the thirty-day period under Rule

5

4(b)(1) results in loss of jurisdiction in the circuit court to consider an appellant's motion to set aside."); *Allen v. Allen*, 2013 Ark. App. 292. Timothy's failure to file an amended notice of appeal precludes this court's consideration of that argument.

### III. *Modification of Custody*

We turn then to the remaining issue that is properly before us: whether the circuit court erred in finding it to be in A.D.'s best interest to modify the joint-custody arrangement and award primary custody to Alanna. In reviewing child-custody cases, we consider the evidence de novo but will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999); *Preston v. Preston*, 2014 Ark. App. 58. We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Hamilton, supra*. This deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Id.*

Based on our de novo review of the evidence, we hold that the circuit court did not err. At the time of the hearing, Timothy lived in Spearsville, Louisiana, but worked forty-to-fifty hours per week in El Dorado, including frequent overtime hours. Alanna lived with her parents in Junction City and held a job working from 8:00 a.m. to 5:00 p.m. Monday through Friday, with very little overtime. Timothy wanted A.D. to attend Westside Christian School in El Dorado or a private school in Louisiana, while Alanna, whose father was on the

6

school board in the Junction City School District, wanted A.D. to attend Junction City schools. Alanna noted that her parents would be available to care for A.D. after school every day. She also expressed a great deal of concern that it would be confusing and stressful for A.D. to have to alternate back and forth between her parents while she was attending school. Alanna said that she felt that it was important for A.D. to have "one home to lay her head down at night, one place to bring her book bag and get her lunch ready."

Based on this evidence, the circuit court determined that both parents and their homes were suitable. Regarding custody, the court made the following findings:

> 10. The court finds that joint custody is not in A.D.'s best interest, because of the confusion that it causes A.D., because the parties are unable to agree upon school choice for A.D., and because it would require that A.D. live out of a suitcase as she goes back and forth between her parents, while attending school five days a week.

> 11. Both of the parents are employed. [Alanna] works as an office manager at Hill Services. Her work hours are 8:00 a.m. to 5:00 p.m. Monday through Friday. [Alanna] works from one to three hours per week overtime. . . . [Timothy] is employed at El Dorado Chemical Company. He regularly works overtime, working from 40 to 50 hours weekly. [Timothy] is called into work after his regular work hours; when this occurs, his wife cares for A.D.

> 12. There are numerous relatives and friends that live in close proximity to [Alanna], and such persons serve as a support group for [Alanna] in providing nurture and care for A.D.

> 13. As between the parents, [Alanna] can spend the most time with A.D. During the work week, [Alanna] can spend every evening with A.D. [Timothy's] work schedule is such that A.D. would spend many evenings with [Timothy's] wife, if he was the primary custodian. [Timothy's] wife has a very good relationship with A.D. and has been a positive influence in her life; however, the same can be said of [Alanna].

> 14. The court finds that it is in the best interest of A.D. that she be placed in the custody of [Alanna].

15. Timothy is awarded reasonable and seasonable visitation in accordance with the court's visitation guidelines.

On appeal, Timothy argues that the circuit court erred in awarding custody to Alanna. We disagree. Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Preston*, *supra*. A judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child that were either not presented to the circuit court or were not known by the circuit court at the time the original custody order was entered.[4] *Id*. In making a decision whether a modification of custody is in a child's best interest, the circuit court should consider factors such as the psychological relationship between the parents and children, the need for stability and continuity in the relationship between parents and children, the past conduct of the parents toward the children, and the reasonable preference of the children. *Bamburg v. Bamburg*, 2014 Ark. App. 269, 435 S.W.3d 6; *Rector v. Rector*, 58 Ark. App. 132, 947 S.W.2d 389 (1997).

Here, the court carefully considered the parents' financial and working situations, weighed who would be able to spend more time with A.D., and factored in A.D.'s need for stability and security as she begins school. Based on the record before us, we are unable to say that the circuit court's decision was clearly erroneous, and we therefore affirm.

---

[4]In this case, Timothy's argument centers solely on the circuit court's finding that modification of the custody arrangement was in A.D.'s best interest. He does not argue that the court erred regarding the existence of a material change in circumstances; therefore, we do not address that issue.



Affirmed.

GRUBER and VAUGHT, JJ., agree.

*F. Mattison Thomas, III*, for appellant.

*Burbank Dodson & Barker, PLLC*, by: *Jack W. Barker*, for appellee.