Cite as 2019 Ark. App. 430

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-19-207

| | |
|---|---|
| JENNIFER L. WARD<br><div align="right">APPELLANT</div><br>V.<br><br>STEVEN W. WARD II<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 2, 2019<br><br>APPEAL FROM THE LAWRENCE COUNTY CIRCUIT COURT<br>[NO. 38DR-15-58]<br><br>HONORABLE TIMOTHY WATSON, JUDGE<br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

Jennifer Ward appeals the Lawrence County Circuit Court's decision that gave her ex-husband, Steven Ward, primary custody of their daughter H.W. She argues that the court's findings were clearly against the preponderance of the evidence. Because we are firmly convinced that the circuit court's stated reasons for finding that a material change in circumstances had occurred were mistaken, we reverse the court's 20 November 2018 order.

<div align="center">I.</div>

The parties divorced in 2016. The decree provided,

Based on the agreement of the parties the court awards joint custody of the minor child, [H.W.] to both parties with the parties to share equal time with the child. The custodial period shall be from Friday at 5:00 p.m. until the next Friday at 5:00 p.m. The parties have been alternating custody and the meeting place for delivery and pickup of the child shall remain the same unless the parties agree in writing to a different location. If the parties are

unable to agree on holiday visitation, they shall reference the court's standard visitation schedule with respect to all holidays.

In January 2018, Jennifer petitioned to modify custody and for child support, arguing that there had been a material change of circumstances because Steven had taken a job on a riverboat, and H.W. had been in her custody 80 percent of the time since. Jennifer pleaded that it would be in H.W.'s best interest to be in her custody, for Steven to receive standard visitation, and for her to receive child support. In February 2018, Steven answered and generally denied the allegations in Jennifer's petition. Nine months later, he filed a counterclaim alleging that Jennifer had restricted his custodial visitation, that H.W. should be placed in his custody, and that Jennifer should pay child support.

The circuit court convened a hearing the same day that Steven filed his counterclaim, which was tried with Jennifer's petition. Neither party moved to amend their pleadings to conform with the proof presented during the hearing.

One day after the hearing, the court entered a letter opinion, which it did not incorporate into its subsequent 20 November 2018 written order. The November order contains the following finding, among others:

> 9. Change of Circumstances: The Court finds the changed circumstances is the fact that [Steven] was on the boat; there has been a change since the decree; that's what the court finds as the change in circumstances; and the fact that she has three children and a small house and she has no money; [Steven] has a job, or he's going to get a job; the Court is taking his word for it; [Steven] is going to have money; he has a home and plenty of room. The Court states that the parties agreed that circumstances had changed since the entry of the divorce decree by virtue of the father's work on a riverboat, thus requiring a change in court-ordered visitation. The parties voluntarily altered the original custody arrangement to meet this change.

The circuit court awarded primary custody of H.W. to Steven, and Jennifer timely appealed.

Jennifer argues that the circuit court's change of custody in Steven's favor is clearly erroneous. In particular, she states that the change of circumstances the court identified—Steven worked on a riverboat and was away from H.W. for significant periods of time—was a voluntary change that Steven himself initiated and therefore rendered him unable to honor the original custody arrangement in the divorce decree. Jennifer says that Steven cannot take advantage of a material change in circumstances that he created, especially given that she had been towing the load at home with H.W. approximately 80 percent of the time. She also points out that Steven said during the hearing that he quit the riverboat job the day before the hearing convened and that he would take a different job. She also argues that the court's finding that she had "no money" was mistaken.

Steven counters that Jennifer is raising an inconsistent position on appeal because she pleaded in the circuit court that a material change in circumstances had occurred when he took the job on the boat, and now she says a change did not occur because he quit. This she cannot do, he says, citing *Killingsworth v. Dittmar*, 2018 Ark. App. 294, 552 S.W.3d 1. Steven raises *Killingsworth* for the proposition that a complaining party is bound by his or her pleadings in a custody case and cannot maintain a different position on appeal than he or she did in the circuit court.

We must first determine whether the circuit court erred when it determined a material change in circumstances had occurred since the last custody order, which was part of the parties' divorce decree. *Geren Williams v. Geren*, 2015 Ark. App. 197, at 12, 458 S.W.3d 759, 767. Changed circumstances are evaluated on a case-by-case basis. This court does not examine the

circuit court's findings in isolation. We instead examine whether all the relevant factors, considered in the aggregate, support a modification of custody. *Boudreau v. Pierce*, 2011 Ark. App. 457, at 13, 384 S.W.3d 664, 672. The evidence is reviewed de novo; but we will not reverse a circuit court's decision unless it is clearly erroneous or clearly against the preponderance of the evidence. *Preston v. Preston*, 2014 Ark. App. 58.

Here, the court found that the parties agreed that a material change had occurred since the entry of the divorce decree because Steven worked on a riverboat. But Steven testified during the hearing that he no longer worked on the riverboat and was going to find a job locally. The court credited Steven's testimony. As a result of Steven's own testimony, the riverboat dilemma had washed out and was therefore no longer an alleged material change of circumstance that could have arguably fueled a custody change. *See Lawhead v. Harris*, 2010 Ark. App. 77, at 8, 374 S.W.3d 71, 75 (apparent problem was resolved so there was no material change in circumstances).

Regarding the "bound by one's pleadings" argument, we are not sufficiently persuaded that Jennifer took an inconsistent position regarding her petition to modify custody. Jennifer alleged the change in circumstances was Steven's riverboat tenure; but that resolved itself before the hearing occurred. Jennifer did not waver in her main goal of altering the custody arrangement so that she would have primary custody and receive child support. For his part, Steven did not even identify a material change in circumstances in his pleading; and the factual basis he alleged for a change of custody was that Jennifer interfered with his visitation. Though Jennifer argued that Steven's riverboat job materially altered his ability to care for H.W., the testimony the court credited was that Steven no longer had the out-of-town job. When asked,

4

"[I]f there was a way, you would like to stay on the boat?" Steven said, "Yes. But there doesn't seem to be any way. So I am not going back to the boat."

The circuit court clearly erred in finding that the parties agreed that the riverboat job was a material change in circumstances after the evidence was received and the court credited Steven's testimony on the employment-related point.

The court's finding that Jennifer's having "no money" was a material change in circumstances is also mistaken. The court found Jennifer had "no money," yet her affidavit of financial means showed that she received $850 a month in child support from her other two children's father, which was more than her stated monthly expenses. And Jennifer's mother testified that she helped Jennifer financially when she needed it. The court's finding that Steven would have money in the future and would find a job might very well materialize, but it was only a hopeful statement when initially uttered. In fact, Steven had no job when the hearing convened, and there was little to no additional information regarding his overall financial health. The court's conclusion on this point was speculation.

Moreover, the undisputed proof was that Jennifer had lived in the same three-bedroom house since the divorce, and she did not have to pay a mortgage or rent. Jennifer's employment status and living situation had not changed between the divorce and the custody hearing. Steven also had a three-bedroom home. The pictures Jennifer offered of her home depicted it in relatively good condition; Steven presented no proof of his home's condition. All things considered, the court's stated reasons for finding that a material change in circumstances had occurred were clearly erroneous given the proof of record.

III.

The circuit court's 20 November 2018 order is therefore reversed, and the case is remanded for further proceedings.

Reversed and remanded.

GRUBER, C.J., and MURPHY, J., agree.

*Rees Law Firm*, by: *Mark Rees*, for appellant.

*Blair & Stroud*, by: *Barrett S. Moore*, for appellee.